IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Demar Nathaniel Moore, | ) | Case No. 8:12-cv-01358-RBH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 17.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on May 18, 2012.[1]  [Doc. 1.]
On August 15, 2012, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 17, 18.]  On August 16, 2012, the Court filed an Order pursuant to
*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond
to the motion.  [Doc. 19.]  On September 19, 2012, Petitioner filed a response in
opposition.  [Doc. 22.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Petitioner, this action was filed on May 18, 2012.  [Doc. 1-3 (envelope
stamped as received by prison mailroom on May 18, 2012).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Georgetown County Clerk of Court. [Doc. 1 at 1.] In June 2002, Petitioner was indicted for burglary in the first degree, assault and battery with intent to kill, and assault with intent to kill. [App. 1 (listing indictments at opening of voir dire), 691–92 (indictment for burglary in the first degree).[2]] On April 21, 2003, represented by Eduardo K. Curry ("Curry"), Petitioner proceeded to a jury trial. [App. 1–551.] Petitioner was found guilty of burglary in the first degree but was acquitted on the assault charges.[3] [App. 496.] Petitioner was sentenced to twenty years imprisonment. [App. 526.]

**Direct Appeal**

Petitioner, represented by Wanda P. Hagler ("Hagler") of the South Carolina Office of Appellate Defense, appealed his conviction and sentence to the South Carolina Court of Appeals by way of an *Anders* brief,[4] raising the following issue: "The trial counsel erred in allowing prejudicial hearsay testimony into evidence at trial." [App. 552–60; *see also* Doc. 18-7 (duplicate).] Hagler also filed a petition to be relieved as counsel, certifying to

---

[2]The Appendix may be found at Docket Entry Numbers 18-1 through 18-6.

[3]Petitioner was tried with his co-defendant, who was convicted of burglary in the first degree and assault and battery with intent to kill. [App. 496–97.]

[4]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

the Court of Appeals that the appeal was without merit. [App. 561–62.] On February 4, 2005, the Court of Appeals dismissed the appeal and granted Hagler's petition to be relieved. [Doc. 18-8.] Petitioner subsequently filed a petition for rehearing,[5] but the Court of Appeals denied the petition on April 21, 2005. [Doc. 18-9.] Remittitur was issued on June 1, 2005. [Doc. 18-10.]

## PCR Proceedings

### *First PCR Application*

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on January 31, 2006. [App. 564–68.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a) Due process; Sixth Amendment violations
> (b) Ineffective Assistance of Counsel[6]

[App. 565.] The State filed a return on May 4, 2006. [App. 69–72.]

On October 9, 2007,[7] a hearing was held on Petitioner's PCR application, at which Petitioner was represented by J. Wesley Locklair ("Locklair"). [App. 573–607.] Petitioner testified at the hearing. [*Id.*] Testimony was received from Curry through a telephone

---

[5]The petition for rehearing was not included in the record before this Court.

[6]Petitioner's PCR application states that the facts supporting his claims are contained in a memorandum of law but no memorandum of law appears with his application. [App. 565 (stating "See Memorandum of Law" in response to question seeking supporting facts for grounds for relief).] The State's return does not include any allegations beyond Petitioner's grounds for relief [*see* App. 569–72]; therefore, it is unclear whether a memorandum of law was submitted with Petitioner's first PCR application.

[7]On the cover page of the hearing transcript, the date of the hearing is incorrectly noted as March 22, 2005. [App. 573.] Other documents in the record indicate the hearing was conducted on October 9, 2007. [*See, e.g.*, App. 612 (stating in transcript from Curry's deposition that a hearing was held before the PCR court on October 9).]

deposition conducted on November 27, 2007.  [App. 608–51.]  On June 6, 2008,[8] the PCR

court issued an order denying and dismissing Petitioner's application with prejudice.[9]  [App.

652–68.]

### Second PCR Application

Petitioner, proceeding pro se, filed a second PCR action on July 15, 2009.  [App.

669–78.]  Petitioner alleged the following ground for relief and supporting facts, quoted

substantially verbatim:

> My previous PCR counsel was ineffective within the meaning
> of Austin v. State, 409 S.E.2d 391 [10]

---

[8] A time-stamped copy of the PCR court's order of dismissal was not included in the record before this Court, but Respondent represents that the order was filed on June 9, 2008.  [Doc. 18 at 20.]

[9] The PCR court found Petitioner raised the following issues:

> (1) failure of the solicitor to timely prepare and clock-stamp the indictment; (2) failure to object to the solicitor's comment in closing argument regarding a photo lineup; (3) inappropriate mere presence/accomplice liability jury instruction; (4) failure of trial counsel to be present when the verdict was read and failure to have the jurors properly polled; (5) failure to request a jury instruction on alibi.

[App. 653.]  The PCR court denied Petitioner's application because Petitioner failed to meet his burden of proof as to his allegations of ineffective assistance of counsel and failed to show the outcome of the trial would have been different.  [App. 667–68.]

[10] In other words, Petitioner requested appellate review pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), of the PCR court's denial of his first PCR application.  As the South Carolina Supreme Court has explained,

> This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple."  This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal.
>     An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review.

> ***

> Notwithstanding the fact that I expressly requested my PCR counsel to file an appeal on my behalf if the PCR judge deny my PCR action, he failed to do so.

[App. 670–71; *see also* App. 675–77 (supporting memorandum).] The State filed a return on August 13, 2009, requesting counsel be appointed for Petitioner and a hearing be held on Petitioner's claim that he was deprived of his right to appeal the denial of his first PCR application. [App. 681.] A hearing was held on October 27, 2009, at which Petitioner was represented by Paul Archer. [App. 683–86.] The parties represented that they had agreed to stipulated facts, and the State consented to a belated appeal of Petitioner's first PCR application. [App. 684–85.] On November 23, 2009, the PCR court issued a consent order granting Petitioner a belated appeal pursuant to *Austin v. State*. [App. 687–89.]

On May 7, 2010, Robert M. Pachak of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf in the South Carolina Supreme Court (1) a petition for writ of certiorari seeking review of the PCR court's decision with respect to the second PCR application and (2) a petition for writ of certiorari pursuant to *Austin*. [Docs. 18-11, 18-13.] On June 21, 2010, the State filed returns to both petitions. [Docs. 18-12, 18-14.] On July 21, 2011, the South Carolina Supreme Court granted the petition for writ of certiorari with respect to Petitioner's second PCR application and considered whether to grant the petition for a writ of certiorari from the denial of the first PCR application. [Doc. 18-15.] Upon review, the Supreme Court denied the petition for writ of certiorari from the denial of

---

*Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal.

*Odom v. State*, 523 S.E.2d 753, 755–56, 757 (S.C. 1999) (citations and footnote omitted).

Petitioner's first PCR application. [*Id.*] Remittitur was issued on August 9, 2011. [Doc. 18-16.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on May 18, 2012 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim:

Trial counsel was ineffective by failing to request an alibi charge be instructed to the jury.

*Supporting facts*:   Petitioner's trial counsel's performance was deficient when he failed to request an alibi charge be instructed to the jury and/or object to an alibi charge not being instructed to the jury, and petitioner was prejudiced by his deficient performance. By failing to request an alibi charge be instructed to the jury and/or object to an alibi charge not being instructed to the jury (1) after the jury had heard testimony that petitioner was not at the scene of the crime, but was at the home of witness Heather Wilson and driving her son to school at the time the burglary occurred; (2) where no evidence was presented at trial linking petitioner to the crime or to the scene of the crime, other than the victim's identification of petitioner based not on identifying petitioner's face, but solely on a pinky ring which the victim was unable to describe and body movements of the perpetrator which can be attributed to any individual person male or female; and (3) after the Solicitor in his closing challenged the credibility of defense witness Heather Wilson's testimony and petitioner's alibi defense, petitioner's trial counsel's deficient performance undermined the confidence in the outcome of petitioner's jury verdict of guilty. Based on the alibi testimony before the jury, the lack of any physical evidence linking petitioner to the crime, and the Solicitor's statements in his closing challenging the credibility of petitioner's alibi defense, had petitioner's trial counsel requested an alibi charge be instructed to the jury and/or objected to an alibi charge not being instructed to the jury, there is a reasonable probability that the result of petitioner's trial would have been different.

6

[Doc. 1 at 5–6.]  As stated, on August 15, 2012, Respondent filed a motion for summary judgment.  [Doc. 17.]  On September 19, 2012, Petitioner filed a response in opposition.  [Doc. 22.]  Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[11] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.

---

[11] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

<em>Procedural Bypass</em>

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v.*

*Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).

Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time-barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Doc. 18 at 23–27.] Petitioner argues the Petition, filed on May 18, 2012, is timely because the one year statute of limitations under the AEDPA did not begin to run until July 21, 2011, when the South Carolina Supreme Court denied the appeal of the denial and dismissal of his first PCR application. [Doc. 22 at 6.] Upon review, the Court agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's direct appeal on February 4, 2005 [Doc. 18-8] and denied Petitioner's motion for rehearing on April 21, 2005 [Doc. 18-9]. Consequently, Petitioner had one year from May 23, 2005—when time expired for Petitioner to seek further direct review[12]—to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558; S.C. App. Ct. R. 242(c) ("A decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing

---

[12]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because the 30-day period for Petitioner to file a petition for writ of certiorari in the South Carolina Supreme Court expired on Saturday, May 21, 2005, the judgment in Petitioner's case became final on Monday, May 23, 2005.

or reinstatement has been acted on by the Court of Appeals. A petition for writ of certiorari shall be served on opposing counsel and filed with proof of service with the Clerk of the Court of Appeals and the Clerk of the Supreme Court within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals.").

Petitioner filed his first application for state post-conviction review on January 31, 2006 [App. 564–68], such that 253 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a properly filed PCR application, 28 U.S.C. § 2244(d)(2), and thus, the statute of limitations was tolled during the period Petitioner's first PCR application was pending—from January 31, 2006 until July 9, 2008, when the time expired for seeking review of the denial of his first application,[13] *see* S.C. App. Ct. R. 243(d). Therefore, the AEDPA limitations period began to run again on July 9, 2008 and expired 112 days later on October 29, 2008.

Petitioner filed his second PCR application on July 15, 2009, well after the one-year limitations period had expired. Petitioner's second PCR application was granted by the PCR court, and thus, the AEDPA statute of limitations would be tolled during the pendency of the second PCR application. *See* 28 U.S.C. § 2244(d)(2) (stating the limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). However, because the limitations period had expired and cannot be revived by a properly filed

---

[13] Petitioner had 30 days to appeal the denial of his PCR application, which began to run on June 9, 2008. [*See* Doc. 18 at 20 (stating the order of dismissal was issued June 6, 2009 but was filed on June 9, 2008).] Because Petitioner failed to appeal the dismissal within the 30-day period, the AEDPA limitations period began to run again on July 9, 2008.

application for collateral review, *see, e.g.*, *Singleton v. Warden Kirkland CI*, C/A No. 0:09-1241-SB-PJG, 2010 WL 2902765, at *3 (D.S.C. May 19, 2010), *report and recommendation adopted by* 2010 WL 2902762 (D.S.C. July 21, 2010); *Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."), Petitioner's second PCR application did not additionally toll the one-year AEDPA limitations period.[14] As a result, the Petition—filed

---

[14]The period between Petitioner's first and second PCR applications is not tolled because, pursuant to § 2244(d)(2), only the time when a properly filed PCR application is *pending* is tolled. Another court in this district has concluded there was a strong argument that, under § 2244(d)(2), petitioners would not be entitled to toll the period between a PCR application and a belated appeal of the PCR application. *Frederick v. McCabe*, No. 9:11–211–RBH–BM, 2011 WL 6026659, at *3 n.8 (D.S.C. Sept. 29, 2011), *report and recommendation adopted by* 2011 WL 6026611 (D.S.C. Dec. 5, 2011). In *Frederick*, the petitioner did not timely perfect an appeal of his first PCR application but, through a second PCR, was granted an *Austin* review of the dismissal of his first PCR. *Id.* at *1–2. The court found the petition was untimely because the statute of limitations expired before the petitioner filed his first PCR application, but the court also discussed whether the period between the petitioner's two PCR applications could be tolled:

> In *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 683–687, 172 L. Ed. 2d 475 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action does not retroactively toll the statute back to the filing date of the original []PCR. *See . . . Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) [holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; *Gibson v. Klinger*, 232 F.3d 799, 804–808 (10th Cir. 2000) [concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; *Fernandez v. Sternes*, 227 F.3d 977, 981 (7th Cir. 2000) [holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; *Small v. Norris*, No. 08-273, 2009 WL 1529463 at *2 (E.D. Ark. June 1, 2009) [Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]. Accordingly, there is a strong argument that Petitioner is not entitled to toll the federal habeas petition during the time period in which he had no petition pending after the dismissal of his first []PCR.

*Id.* at *3 n.8; *see also Israel v. McCall*, No. 3:11-02999-JMC-JRM, 2012 WL 3877665, at *4 (D.S.C. Aug. 1, 2012) (collecting cases holding "that the statute of limitations is not tolled after an initial PCR is concluded and

on May 18, 2012, more than three years and seven months after the expiration of the limitations period—is time-barred.

**Equitable Tolling**

Petitioner makes no argument with respect to equitable tolling. Because Petitioner is proceeding pro se, the Court has considered the viability of equitable tolling in this case and concludes this case fails to demonstrate Petitioner is entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center*

---

the filing of an *Austin* PCR because there is no collateral proceeding pending during that time" and finding in the case before the court that the AEDPA limitations period was untolled between the issuance of remittitur with respect to the petitioner's first PCR application and the filing of a second PCR application raising an *Austin* claim), *report and recommendation adopted by* 2012 WL 3877669 (D.S.C. Sept. 6, 2012). Thus, the Court concludes Petitioner is not entitled to tolling of the period between his first and second PCR applications pursuant to § 2244(d)(2).

Further, even if the AEDPA limitations period could be tolled from January 31, 2006 to August 9, 2011, from when Petitioner filed his first PCR application [App. 564–68] to when the South Carolina Supreme Court issued remittitur following the denial of Petitioner's petition for writ of certiorari pursuant to *Austin* [Doc. 18-16], the Petition is still untimely. When Petitioner filed his first PCR application, 253 days of the one-year limitations period had elapsed. If the limitations period began to run again on August 9, 2011, it expired 112 days later on November 29, 2011, approximately six months before Petitioner filed the Petition on May 18, 2012. Therefore, even if the entire period from the filing of Petitioner's first PCR application to the South Carolina Supreme Court's remittitur following Petitioner's second PCR application could be tolled, the Petition is untimely.

> v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80
> L.Ed.2d 196 (1984).

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The

Fourth Circuit has underscored the very limited circumstances in cases subject to the

AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only

entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time."  Rouse

v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances

warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a
> statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where—due to circumstances external to the party's own
> conduct—it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).[15]

Here, neither the facts nor Petitioner's arguments in opposition to Respondent's

motion for summary judgment demonstrate extraordinary circumstances beyond his

---

[15] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. See, e.g., Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); see also Rouse, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

control, or external to his own conduct, prevented him from timely filing the Petition. Therefore, the Court concludes Petitioner has failed to demonstrate he is entitled to equitable tolling, and the Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 22, 2012
Greenville, South Carolina