IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Anderson/Greenwood DIVISION

| | | |
|---|---|---|
| Demar Nathaniel Moore, | ) | |
| Petitioner, | ) | C.A. No.: 8:12-cv-01358-RBH |
| | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Wayne McCabe, | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se*, is a state prisoner who seeks relief under 28 U.S.C. §

2254. This matter is before the court for review of the Report and Recommendation of United

States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court.  The recommenda-

tion has no presumptive weight.  The responsibility to make a final determination remains with

this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with

making a de novo determination of those portions of the Report and Recommendation to

which specific objection is made, and the court may accept, reject, or modify, in whole or in

part, the recommendation of the Magistrate Judge or recommit the matter with instructions.

See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.  In the absence

of objections to the Report and Recommendation of the Magistrate Judge, this court is not

required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718

F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an

1

objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005)

stating that "in the absence of a timely filed objection, a district court need not conduct *de*

*novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory

committee's note).

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the

merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find

that the court's assessment of the constitutional claims is debatable or wrong. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

When the district court denies relief on procedural grounds, the prisoner must demonstrate

*both* that the dispositive procedural ruling is debatable, and that the petition states a debatable

claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter,

the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a

constitutional right."

## Conclusion

After a thorough review of the record in this case, the Court finds no clear error.

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and

incorporated by reference.  Therefore, it is

**ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 17] is

**GRANTED** and the  § 2254 Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the

Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 19, 2012